1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA,
11                          Plaintiff/Respondent,
12      v.
13
14  WESLEY FRANCIS BATES,
15                          Defendant/Petitioner.
16

CIVIL CASE NO.  08cv1070-LAB
CRIM CASE NO.   02cr1822-LAB

**ORDER:**

**(1) DENYING PETITION FOR WRIT OF HABEAS CORPUS;**

**(2) DENYING REQUEST FOR APPOINTMENT OF COUNSEL**

17      Before the Court is Wesley Francis Bates' ("Bates" or "Petitioner") Motion to

18  Vacate, Set Aside, or Correct Sentence, filed pursuant to 28 U.S.C. § 2255, and Request for

19  Appointment of Counsel.  The Court has considered the Motions, Respondent's Response

20  in Opposition, Petitioner's Reply, and all supporting documents submitted by the parties.

21  Having considered these documents, this Court **DENIES** Bates' Motions and dismisses the

22  case with prejudice.

23                                  *Background*

24      On May 14, 2003, Petitioner was indicted following a superseding indictment under

25  21 U.S.C. §§ 841(a)(1) and 841(c)(2), and 18 U.S.C. § 2 for conspiring to aid and abet the

26  manufacture of a controlled substance and to distribute and possess a listed chemical.

27  [Doc. No. 35.] On February 18, 2004, Petitioner pled guilty to Count 1 of the indictment

28  pursuant to a plea agreement.  [Doc. No. 64.] Under the terms of the plea agreement,

Petitioner pled guilty to conspiracy to distribute and possess listed chemicals (iodine) knowing they would be used to manufacture methamphetamine, an offense that carries a 10-year maximum and no mandatory minimum sentence, in exchange for dismissal of the remaining counts.  (Resp't Opp'n, App. at 2.)  The plea agreement recommended the following Base Offense Level and Adjustments under the Guidelines: "1) Base Offense Level . . . 28; 2) Upward Departure for Quantity [cf. § 2D1.1 comment (n.16) . . . +2; 3) Hazardous Waste [§ 2D1.11(b)(3)] . . . +2; 4) Acceptance of Responsibility [§ 3E.1.1(a)] . . . -2." (*Id.* at 7.)   The plea agreement also contained a waiver of "any right to appeal or to collaterally attack the conviction and sentence . . . unless the court imposes a custodial sentence greater than the high end of the guideline range . . . recommended by the Government pursuant to this plea agreement at the time of sentencing." (*Id.* at 9.)

Sometime around June 2004, Petitioner and his wife absconded from supervision. [*See* Doc. No. 78.] A bench warrant was issued, and Petitioner was arrested on July 29, 2005. [Doc. No. 91.]   Petitioner filed a motion for new counsel, which the Court granted. [Doc. No. 98.] Petitioner thereafter filed motions to withdraw his guilty plea and to dismiss the indictment for lack of jurisdiction, which the Court denied. [Doc. Nos. 102, 103, 125, 131, 153.] On January 12, 2006, the Court sentenced Petitioner to 120 months in custody followed by supervised release for three years.  [Doc. No. 162.]

Petitioner appealed. [Doc. No. 169.] The Ninth Circuit affirmed Petitioner's conviction and sentence in an unpublished memorandum decision filed February 22, 2007. [Doc. No. 188; 2007 WL 580679 (9th Cir. Feb. 22, 2007).  On June 25, 2007, the Supreme Court denied certiorari.  551 U.S. 1153 (2007).

### *Legal Standard*

A sentencing court is authorized to "vacate, set aside or correct the sentence" of a federal prisoner if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States."  28 U.S.C. § 2255(a).  Claims for relief under § 2255 must be based on constitutional error, jurisdictional defect, or an error resulting in a "complete miscarriage of justice" or "inconsistent with the rudimentary demands of fair

1   procedure." *United States v. Timmreck*, 441 U.S. 780, 783 (1979).  Additionally, the scope

2   of collateral attack is much more limited than on direct appeal.  *United States v. Addonizio*,

3   442 U.S. 178, 184-85 (1979).  Further, if a petitioner has procedurally defaulted by not

4   raising a claim on direct review, he will be barred from raising it on collateral review

5   unless he can meet one of the exceptions excusing procedural default, such as cause and

6   prejudice or a fundamental miscarriage of justice.  *See Bousley v. United States*, 523 U.S.

7   614, 623-24 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982).

8          If the record clearly indicates that a petitioner does not have a claim or that a

9   petitioner has asserted "no more than allegations unsupported by the facts or refuted by the

10   record," a district court can deny a § 2255 motion without holding an evidentiary hearing.

11   *See United States v. Quan*, 789 F.2d 711 (715 (9th Cir. 1986).

12                                   *Discussion*

13          Petitioner seeks to have his sentence corrected on the grounds that he had ineffective

14   assistance of counsel, the sentence enhancements applied by the Court are illegal, and the

15   supervised release portion of his sentence is illegal.

16   **I.      Ineffective Assistance of Counsel**

17          Petitioner offers three grounds in support of his ineffective assistance of counsel

18   claim: 1) Trial and appellate counsel failed to object to the two-level upward adjustment

19   related to disposal of waste; 2) Trial and appellate counsel failed to object to the two-level

20   adjustment based on the quantity of iodine; 3) Trial and appellate counsel failed to object to

21   the Court's imposition of supervised release.  (Pet'r Mem. of P. & A. 3.)

22          A.      Standard for Ineffective Assistance of Counsel Claims

23          "It has long been recognized that the right to counsel is the right to the effective

24   assistance of counsel."  *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970).  To

25   succeed on an ineffective assistance of counsel claim, Petitioner must make two showings.

26   First, he must demonstrate that "counsel's performance was deficient.  This requires

27   showing that counsel made errors so serious that counsel was not functioning as the

28   / / /

1  'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*,

2  466 U.S. 668, 687 (1984). Then, Petitioner must show that his counsel's deficient

3  performance "prejudiced the defense.  This requires showing that counsel's errors were so

4  serious as to deprive the defendant of a fair trial." *Id.*  A court may deny a claim if it

5  determines either counsel's performance was not deficient or that counsel's performance

6  did not prejudice the defense. *Id.* at 700.  Moreover, "[r]eview of counsel's performance is

7  highly deferential and there is a strong presumption that counsel's conduct fell within the

8  wide range of reasonable representation." *United States v. Ferreira-Alameda*, 815 F.2d

9  1251, 1253 (9th Cir. 1986) (citations omitted).  Further, the Court is cognizant that "[i]t is

10  all too tempting for a defendant to second-guess counsel's assistance after conviction or

11  adverse sentence, and it is all too easy for a court, examining counsel's defense after it has

12  proved unsuccessful, to conclude that a particular act or omission of counsel was

13  unreasonable." *Strickland*, 466 U.S. at 689.

14       B.   <u>Sentence Adjustments</u>

15       Petitioner alleges that his counsel was ineffective for failing to challenge the Court's

16  imposition of sentence enhancements for disposal of waste and quantity of iodine.  (Pet'r

17  Mem. of P. & A. 3-4.)  Petitioner is unable to satisfy either prong of the *Strickland* standard

18  with respect to this claim.

19       Petitioner has provided no evidence that his counsel's performance was deficient.

20  Petitioner agreed to the sentence enhancements as part of his plea agreement.  (Resp't

21  Opp'n, App. at 7.)  Further, Petitioner's claim is contradicted by the record. Petitioner's

22  counsel explicitly objected to the imposition of the enhancements in Defendant's

23  Objections to the Presentence Report and Request for Downward Departures, filed with the

24  Court prior to sentencing.  (*Id.* at 41, 49-50.)  Given this evidence, Petitioner cannot

25  overcome the "strong presumption that counsel's conduct fell within the wide range of

26  reasonable representation." *Ferreira-Alameda*, 815 F.2d at 1253.

27       Further, Petitioner has not demonstrated prejudice. Again, Petitioner agreed to the

28  sentence enhancements, as well as the factual basis underlying them, in his plea agreement.

1   (Resp't Opp'n, App. at 7.)  Because of this, there is no reason to believe that, had

2   Petitioner's counsel objected to the imposition of the enhancements in a different manner,

3   the Court would have sentenced Petitioner any differently.

4        C.    Supervised Release

5        Petitioner alleges that both his trial and appellate counsel were ineffective for failing

6   to challenge the Court's imposition of a term of supervised release in its sentence.  (Pet'r

7   Mem. of P. & A. 3-4.)  Petitioner alleges that counsel should have objected because the

8   imposition of supervised release was "clearly illegal, since the Court had already sentenced

9   defendant to the statutory maximum incarceration term of 120 months."  (*Id.*)  Petitioner's

10  argument is unavailing, as the Ninth Circuit has clearly rejected this argument. *See, e.g.*,

11  *United States v. Liero*, 298 F.3d 1175, 1177-78 (9th Cir. 2002) (holding that supervised

12  release is not part of the term of imprisonment, so its imposition does not violate statutory

13  maximum).  Because this argument lacks merit, Petitioner is unable to prove that the result

14  of the proceeding would have been different had counsel raised the argument.

15       Petitioner has not met the *Strickland* standard for ineffective assistance of counsel

16  claims.  Accordingly, the Court **DENIES** his ineffective assistance of counsel claim.

17  **II.    Sentence Enhancements**

18       Petitioner alleges that the sentence enhancements imposed by the Court for disposal

19  of waste and iodine quantity were illegal because they were "not authorized by the

20  judgment of conviction" and "in violation of the Constitution."  (Pet'r Mem. of P. & A. 6.)

21  Petitioner claims that he never agreed to these enhancements; however, this assertion is

22  clearly contradicted by the record.  The plea agreement explicitly provided that the "parties

23  will jointly recommend" the base offense level and adjustments, which included the

24  enhancements at issue.  (*See* Resp't Opp'n, App. at 7.)  Petitioner also admitted to the

25  factual basis supporting the enhancements in the plea agreement.  (*Id.* at 3-4.)

26       Petitioner also suggests that the enhancements violated the rule announced in

27  *Apprendi v. New Jersey*, 530 U.S. 46, 490 (2000): "Other than the fact of a prior

28  conviction, any fact that increases the penalty for a crime beyond the prescribed statutory

1   maximum must be submitted to a jury, and proved beyond a reasonable doubt." (Pet'r

2   Mem. of P. & A. 7.)  In *Blakely v. Washington*, the Supreme Court announced, "[T]he

3   statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose

4   solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."

5   542 U.S. 296, 303 (2004).  In the present case, Petitioner admitted the facts that served as

6   the basis for the sentence enhancements. (*See* Resp't Opp'n, App. at 3-4 ("The amount of

7   iodine involved in the offense . . . was at least 295 pounds. . . . The offense involved the

8   unlawful disposal of hazardous waste. . . .").)  Because of Petitioner's factual admissions in

9   the plea agreement, the imposition of the enhancements did not violate *Apprendi* or

10  *Blakely*.  Therefore, the Court **DENIES** Petitioner's illegal sentence claim.

11  **III.    Supervised Release**

12          Petitioner claims that the Court's imposition of supervised release in addition to the

13  maximum custodial sentence resulted in a sentence in excess of the statutory maximum.

14  (Pet'r Mem. of P. & A. 11.)  As discussed above, this argument is unavailing, as it has been

15  expressly rejected by the Ninth Circuit. *See Liero*, 298 F.3d at 1177-78.  Accordingly, the

16  Court **DENIES** this claim.

17  **IV.    Evidentiary Hearing**

18          In the present case, no evidentiary hearing is merited because Petitioner's petition

19  rests on legal arguments that do not require resolution of any factual disputes.  In order for

20  Petitioner to qualify for an evidentiary hearing, he must "make specific factual allegations

21  which, if true, would entitle him to relief."  *Bauman v. United States*, 692 F.2d 565, 571

22  (9th Cir. 1982).  Petitioner has not made any new factual allegations or provided new

23  factual evidence to contest his conviction.  Therefore, Petitioner is not entitled to an

24  evidentiary hearing.

25  **V.     Appointment of Counsel**

26          Petitioner has requested appointment of counsel. [Doc. No. 192.] "In deciding

27  whether to appoint counsel in a habeas proceeding, the district court must evaluate the

28  likelihood of success on the merits as well as the ability of the petitioner to articulate his

claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).  Because the legal issues presented in this petition are not complex, and there is no likelihood of success on the merits, the Court **DENIES** Petitioner's request for appointment of counsel.

### Conclusion

For the foregoing reasons, this Court **DENIES** the Petition for Writ of Habeas Corpus, **DENIES** the Request for Appointment of Counsel, and dismisses the action with prejudice.

**IT IS SO ORDERED.**

DATED:  July 10, 2010

**HONORABLE LARRY ALAN BURNS**
United States District Judge